In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of Daniel W. Ticknor and William Laber, as Executors and Trustees of Constant F. Whitney, Late of the Town of Yorktown, Deceased. Mary B. Weyant, and Frank S. Stevens, Jr., Special Guardian for Whitney Orr Weyant, Infant, etc., Appellants; Daniel W. Ticknor and William Laber, Executors and Trustees of Constant F. Whitney, Deceased, Respondents.— Decree of the Surrogate's Court of Westchester county, in so far as an appeal is taken therefrom, unanimously affirmed, with costs, payable out of the estate, to all parties appearing and filing briefs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

Ruth Klep, as Administratrix, etc., of Sigvart Klep, Deceased, Respondent, v. Eugene McMackin and Emil Johnson, Appellants.— Appeal by the defendants from a judgment entered on a verdict for the plaintiff. Separate appeals are taken by each defendant from so much of the judgment as is against that defendant. Plaintiff obtained a verdict for $2,500 in a death action. The action is in negligence. The decedent was a guest of the defendant Johnson, in his automobile, while being driven by Johnson easterly on Sunrise highway; the defendant McMackin was driving his machine westerly along the same highway. The automobiles met while going in opposite directions, while each was being operated on the inside or fast lane of the concrete; that is, the highway consists of four concrete strips and each machine was traveling on the strip nearest the center line. The accident happened near the Queens county line in the county of Kings at about five p. m. on December 8, 1933. The cross-claim of the defendant Johnson against McMackin for personal injuries suffered and property damage sustained was tried in the action, and the verdict on this claim was against Johnson, but no appeal is taken from this determination. Judgment as against defendant Johnson unanimously affirmed, with costs. We are of opinion that the trial court's errors in ruling must be disregarded, the substantial rights of this defendant not having been affected thereby. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ. Judgment as against defendant McMackin reversed on the law and the facts and a new trial granted, with costs to appellant McMackin to abide the event, on the ground that the determination of the jury is against the weight of the evidence. Lazansky, P. J., Young, Johnston and Adel, JJ., concur; Hagarty, J., votes for reversal and dismissal of the complaint. The very doubtful testimony, given by the witness Novoni, that the McMackin car "was travelling a little bit on the other fellow's line," as against the testimony given by many disinterested witnesses that the McMackin car was where it belonged on the parkway, supported by the physical conditions, particularly the tire marks made when the brakes were applied at the time a collision became imminent, leading directly back and parallel with and to the right of the center line dividing the cement pavement, is insufficient to justify the submission to the jury of the question of negligence on the part of the driver of the McMackin car. Insufficient evidence is, in the eye of the law, no evidence. (Matter of Case, 214 N. Y. 199.)